UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00209-JHM-HBB

JAMES LEE MAYS                                          PLAINTIFF

V.

SOURTHERN HEALTH PARTNERS *et al.*                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff James Lee Mays' motion styled "Motion for Additional Discovery"(DN 43). The Defendants have not filed responses.

### NATURE OF THE CASE

Mays, *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment, against Defendants RN Cassie Thompson; Dr. McCoy; RN/LPN Scotti Martin; and RN/MTA Jenny Philips, in their individual and official capacities (DN 1). He also named Southern Health Partners (Id.). Mays alleges that Defendants were deliberately indifferent to his serious medical needs, *i.e.*, his verbal request for treatment for an obvious head injury and his need for a diagnostic test before, not after, his bones had healed (Id. at pp. 4-6). On initial review of the matter pursuant to 28 U.S.C. § 1915A, the Court permitted Mays' claims to proceed with the exception of his requests to have his records expunged and to be "granted the status of sovereign, secured party" (DN 15).

### MAYS' MOTION

Mays asks the Court to order non-party Daviess County Detention Center to provide him with "survailence [*sic*] logs from the dates of 07/23/2020, 07/24/2020, 07/25/2020 and

07/26/2020" (DN 43, p. 1). He asserts that the documents will show "the chronological sequence" of his locations in the jail and contradict the Defendants' assertions regarding his medical treatment (Id. at pp. 1-2). Mays states that he has attempted to procure these records but has been unable to obtain copies (Id. at p. 2).

To this end, he has attached as exhibits to his motion two letters addressed to him from the Daviess County Detention Center (Id. at pp. 5-6). The first is dated December 21, 2021 and references his "request for documents pertaining to yourself while incarcerated in our facility" (Id. at p. 5). The letter states that the jail was unable to find an incident report initiated by Deputy Nolan Bowman in or around November 2020, but that the remaining documents Mays requested, consisting of 6 pages, would be provided upon payment of copying and postage charges (Id.). As to Mays' request for head trauma protocol, Mays was instructed that the document was in the possession of Southern Health Partners, and their mailing address was provided (Id.). The second letter dated January 7, 2022 advises Mays that the jail was unable to honor his request that it deduct the charge for his previously requested records from his inmate trust account because he was not incarcerated at the facility at that time (Id. at p. 6).

## DISCUSSION

As an initial note, the letters which Mays has attached to his motion fail to demonstrate that he has actually asked for, and been denied, the surveillance logs he asks Daviess County Detention Center to be compelled to produce. Putting this issue aside, however, the Court is unable to grant Mays the relief he seeks for two reasons. First, the scheduling order entered in the case on May 20, 2021 (DN 16) provided that all discovery was to be completed by September 16, 2021. Discovery in the case is now closed. To the extent that Mays' motion should be construed as one for modification of the scheduling order and reopening of discovery, FED. R. CIV. P. 16(b)(4) states

that a schedule "may be modified only for good cause and with the judge's consent." The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted). Stated differently, a party must show that despite their diligence, the deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *3-4 (W.D. Ky. July 6, 2016). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted). However, the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indem. Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013). Mays' motion comes four months after the close of discovery. His motion fails to make any showing of good cause as to why he was unable to utilize a subpoena to procure the requested documents within the time allotted.

      The second reason the Court is unable to grant Mays the relief he requests, to the extent Mays' motion is one to compel production, is that the Court lacks the authority to compel a non-party to take action unless Mays has first availed himself of the opportunity to seek the information by way of subpoena under FED. R. CIV. P. 45. The Court can only issue an order compelling a non-party to provide information after the non-party has been properly served with a subpoena and has failed to comply. See Shipes v. Amurcon Corp., No. 10-14943, 2012 U.S.

Dist. LEXIS 49448, *4 (E.D. Mich. Apr. 9, 2012); <u>Nationwide Life Ins. Co. v. Keene</u>, No. 11-12422, 2013 U.S. Dist. LEXIS 51311, *7-9 (E.D. Mich. Apr. 10, 2013). The undersigned notes that Mays is familiar with Rule 45, as he referenced it in his earlier motion seeking issuance of a subpoena for production of electronically stored information from Southern Health Partners (*see* DN 12). In ruling on that motion on July 9, 2021, the District Court explained the distinction between obtaining information from parties through the use of requests for production of documents under FED. R. CIV. P. 34 and that "[a] subpoena is used to obtain materials from a non-party" (DN 29, p. 3).

## CONCLUSION

**WHEREFORE**, Plaintiff's Motion for Additional Discovery (DN 43) is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

February 25, 2022

Copies:   Counsel of Record
          James Lee Mays, *pro se*

4